## Commonwealth v. Patton Township Supervisors.

*N. B. Spangler* and *Ivan Walker*, for petitioners.
*Ellis L. Orvis, W. D. Zerby* and *A. C. Dale*, for respondents.

FLEMING, P. J., Aug. 5, 1929.—This is a proceeding brought under the provisions of section 192 of the Act of July 14, 1917, P. L. 840, commonly known as "The Township Code." The provisions of such section are as follows:

"If any township officer in any township of the first or second class refuses or neglects to perform his duties, the Court of Quarter Sessions, upon complaint in writing by twenty-five citizens, owners of real estate residing in the township or district, may issue a rule upon such officer to show cause why his office should not be declared vacant and another appointed in his stead. Such rule shall be made returnable not less than two weeks from its date of issue. Upon hearing, and proof that the facts alleged in the complaint are true, the court may declare the office vacant and appoint another in his stead, to hold office during the term of the officer deposed."

The petition alleges that the defendants, Supervisors of Patton Township, have neglected and refused, and still neglect and refuse, to perform their duties, in that they have neglected to keep the public roads in such reasonable repair as to make them reasonably passable; that they have neglected to

house the road machinery belonging to the township, causing the same to become practically useless through such exposure. A complaint is also voiced against the erection of a township house.

The terms of Supervisors John W. Blair and J. W. Hartsock have long since expired and that of Supervisor A. C. Thomas will shortly expire. The determination of this matter has been postponed from time to time, due, in part, to the many changes which have occurred in the *personnel* of this court, as well as by the acts of the parties themselves. We now dispose of the matter in order that it may be finally concluded, and to dispose of the costs which have accrued.

We shall omit from our consideration in the instant action the matter of the erection of the town-house, as such will be considered and disposed of In re Appeal by Supervisors of Patton Township from Report of Auditors, filed March 31, 1926, No. 161, May Term, 1926, Court of Common Pleas of Centre County. The building of this town-house does not in any way constitute a neglect or refusal to perform their duties on the part of the defendants. It, if anything, can be construed only as an exceeding of authority by them—not a neglect or refusal. This will be disposed of, however, in the collateral proceeding mentioned. [See next case.]

The question of fact to be determined by us is, therefore: Did these defendants, as supervisors, neglect or refuse to perform their duties (1) by neglecting to keep the public roads in such reasonable repair as to make them reasonably passable; and (2) by allowing the road machinery to be exposed to the weather and thus depreciate to no value?

We have carefully read and considered the testimony taken in this case and are of the opinion that there was no neglect or refusal to perform the duties of supervisors by these defendants. It may have been that the things which they did do were not such as to meet with the approval of the majority or that they have left undone things which others would have done under like circumstances. There is no evidence, however, of any gross abuse of discretion by these defendants.

It must be borne in mind that the testimony shows that there were thirty-two miles of roadway to be cared for by the township and that the gross amount of the road duplicate was $2700. That these defendants actually did work upon these roads is admitted. The testimony only goes so far as to say that in the seasons when country roads are universally in bad condition through natural causes, some persons were unable to pass over them, while others were able to get through. At other times the roads were rough but passable. That there were times when snow was deep and perhaps drifted in places and that as a result the roads were temporarily impassable is no indication of a misfeasance by these defendants.

The explanation that the work of building a shed for the machinery was halted when opposition arose in connection with the town-house indicates merely that the defendants allowed themselves to be intimidated, in a degree, by the petitioners or those citizens who are represented by the petitioners in the instant action. There is no positive evidence to show the value of the machinery, either before or after the alleged misfeasance by the defendants. The burden is on the petitioners, and this burden has not been met.

In short, it appears clearly from the testimony, it being admitted by a number of witnesses for the petitioners, that the basic cause of this proceeding was the dissatisfaction of the parties with the act of the supervisors in erecting the town-house. As a result, the opportunity to dismiss the supervisors by means of section 192 of the Township Code was appealing. The petition-

ers, however, have not, upon hearing, shown proof that the facts alleged in the complaint are true. We could not, therefore, even if all the defendants were still in office, declare such offices vacant and appoint others in their stead.

And now, Aug. 5, 1929, after due consideration, the proceedings are dismissed, at the cost of the petitioners.

From S. D. Gettig, Bellefonte, Pa.